UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD GOINGS,

                 Plaintiff,

v.                                Case No. 8:08-cv-1110-T-33TGW

ADVANCED SYSTEMS, INC. OF SUNCOAST,

                 Defendant.

_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. # 8), which was filed on July 14, 2008. Defendant filed a response in opposition to the motion on July 24, 2008. (Doc. # 9).

For the reasons that follow, Plaintiff's motion is due to be denied to the extent that Defendant will be permitted to maintain its counterclaim as a set-off only.

I.   **Background**

Plaintiff filed his complaint on June 9, 2008, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereafter FLSA), seeking recovery of unpaid overtime compensation, liquidated damages, attorney's fees, and other relief. (Doc. # 1). Plaintiff alleges in his complaint that he was a "non-exempt salaried laborer" for Defendant and that he "performed services for Defendant for which no provisions were made by Defendant to pay Plaintiff . . . for those hours worked in excess of forty (40)

1

within a work week." (Doc. # 1 at ¶ 6).  Plaintiff further alleges that he was not paid "time and one-half" for all hours worked in excess of forty (40) per work week. (Doc. # 1 at ¶ 7).

On July 9, 2008, Defendant filed its answer, affirmative defenses, and counterclaim. (Doc. # 7).  Defendant asserts one counterclaim against Plaintiff.  Defendant's counterclaim follows:

> In July, 2007, Goings notified Advanced that he was unable to work due to an injury.  In July, 2007, Goings orally requested that Advanced temporarily loan him the monthly contributions for his family health insurance payments while he was off from work.  Goings agreed to repay Advanced all the amounts loaned, and Advanced agreed to temporarily loan Goings the contributions required to continue his family health coverage.  In November, 2007, Goings asked Advanced to cancel his Dental Insurance and Aflac Insurance and change his medical coverage to employee and spouse only to reduce the amounts that would be loaned going forward.  On March 31, 2008, Goings instructed Advanced to cancel his insurance coverage.  Goings has not returned to work since July, 2007.  On March 31, 2008, Advanced notified Goings that the loan in the amount of $3,471.00 was due and owing.  Goings has failed and refused to repay the amounts loaned.  Goings' failure to repay the amounts loaned is a breach of contract which has caused damages to Advanced.

(Doc. # 7 at ¶¶ 19-28).

Defendant asserts that this Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367 because the counterclaim "arises from the same transactions or occurrences" alleged in Plaintiff's complaint. (Doc. # 7 at ¶ 18).  Plaintiff, on the other hand, asserts that this Court lacks jurisdiction over Defendant's counterclaim because such counterclaim is "wholly unrelated" to Plaintiff's FLSA claims. (Doc. # 8 at 1). Accordingly, Plaintiff

seeks dismissal of Defendant's counterclaim.   This Court will address the parties' arguments in due course.

**II.  <u>Discussion</u>**

Because Plaintiff's FLSA claims arise under federal statutes, this Court clearly has federal question jurisdiction over the FLSA claims.  <u>See</u> 28 U.S.C. § 1331.  However, the source of jurisdiction over Defendant's counterclaim is not so clear.  Defendant does not plead any independent basis for federal jurisdiction over its counterclaim, nor can the Court discern any such independent basis.

This Court has supplemental jurisdiction over claims that are sufficiently related to Plaintiff's original claim "that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a).  In other words, the Court has supplemental jurisdiction over compulsory counterclaims.  <u>See Richardson v. Trainer</u>, No. 02-60117-CIV, 2003 U.S. Dist. LEXIS 13829, at *10 (S.D. Fla. July 1, 2003)("In order to have supplemental jurisdiction over Trainer's Counterclaim, it must be shown that the state law claims presented are compulsory, rather than permissive."); <u>accord Plant v. Blazer Fin. Servs., Inc.</u>, 598 F.2d 1357, 1359 (5th Cir. 1979); <u>Ward v. Winter Garden Bus. Park, LLC</u>, No. 6:06-cv-53, 2006 U.S. Dist. LEXIS 31787, at *6 (M.D. Fla. May 19, 2006); <u>Moore v. As-Com, Inc.</u>, No. 8:05-cv-2244, 2006 U.S. Dist. LEXIS 21006, at *3 (M.D. Fla. Apr. 19, 2006); <u>Olufemi v. Your Care Clinics, LLC</u>, No. 8:05-cv-1798, 2006 U.S. Dist. LEXIS 6599, at

*6 (M.D. Fla. Feb. 3, 2006).

Thus, the question is whether Defendant's counterclaim is compulsory or permissive. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). In determining whether a counterclaim is compulsory, courts in the Eleventh Circuit apply the "logical relationship" test. Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (citing United States v. Aronson, 617 F.2d 119, 121 (5th Cir. 1980)); Ward, 2006 U.S. Dist. LEXIS 31787, at *7. Under this test, "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970) "[T]here is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Republic Health Corp., 755 F.2d at 1455 (internal quotation marks omitted); see also Olufemi, 2006 U.S. Dist. LEXIS 6599, at *6-7 ("The logical relationship test asks whether a counterclaim arises from the same aggregate of operative facts in that the same facts serve as the basis of both claims.").

4

Defendant argues that its counterclaim is a compulsory counterclaim. Defendant contends that its defense to Plaintiff's complaint "will necessarily involve the allegations contained in [Defendant's] counterclaim." (Doc. # 9 at 2-3). Further, Defendant asserts, "Litigation of both the complaint and the counterclaim will require inquiry into the terms and conditions of Goings' employment, the hours worked, the compensation paid, the compensation due, and amounts advanced." (Doc. # 9 at 3). Furthermore, Defendant points out that "litigation of the complaint and the counterclaim in separate cases and fora . . . 'would result in the duplication of efforts and multiple litigations involving the same facts.'" (Doc. # 9 at 3)(quoting <u>Ward</u>, 2006 U.S. Dist. LEXIS 31787 at *6)).

Plaintiff, on the other hand, asserts that the counterclaim is permissive: "the facts needed to support Defendant's state law claims are entirely distinct from those facts needed to support Plaintiff's FLSA claim. . . . whether Defendant failed to pay Plaintiff unpaid overtime has no relation, whatsoever, to whether Defendant purportedly loaned Plaintiff the monthly contributions for his family health insurance payments while he was off from work." (Doc. # 8 at 2).

This Court has given careful consideration to this matter, and determines that most of the facts needed for the prosecution and defense of Plaintiff's FLSA claims are distinct from the facts

needed to litigate Defendant's counterclaim for breach of contract regarding an unpaid loan.  For that reason, separate trials of these separate claims would not "involve substantial duplication of effort and time by the parties and the courts."  See Revere Copper & Brass, Inc., 426 F.2d at 714.  Broadly, the aggregate core of facts upon which Plaintiff's claims rest are the hours worked by Plaintiff and the amount that he was paid for those hours, an issue quite distinct from the alleged loan between Plaintiff and Defendant.  In addition, the elements of proof for each claim are distinct from one another.  Thus applying the logical relationship test, the Court finds that Defendant's counterclaim is permissive rather than compulsory.

A similar conclusion was reached in the case of Mercer v. Palm Harbor Homes, Inc., No. 8:05-cv-1435, 2005 U.S. Dist. LEXIS 28290 (M.D. Fla. Nov. 10, 2005).  In that case, the plaintiff sued his former employer for failure to comply with FLSA.  Id. at *1.  The employer counterclaimed, alleging that the plaintiff converted an expensive tool belonging to the employer.  Id.  The court found that the FLSA claim and the conversion counterclaim were unrelated. Id.

Nevertheless, this Court's conclusion that Defendant's counterclaim is permissive does not mean the Court must entirely dismiss Defendant's counterclaim.  The Court can exercise jurisdiction over a permissive counterclaim with no independent

basis for federal jurisdiction where the counterclaim is seeking only a set-off.  <u>Id.</u> at *2.  "However, while a set-off is a well recognized exception to the independent jurisdictional requirement for permissive counterclaims, it is to be used solely to defeat or reduce recovery and does not seek affirmative relief."  <u>Id.</u>  Thus, this Court denies Plaintiff's motion to dismiss Defendant's counterclaim.  Defendant's counterclaim may be used only as a set-off for the purpose of reducing any recovery Plaintiff might obtain on his main claims.

"Should the amount of set-off exceed those damages recovered by [Plaintiff], [Defendant] will not be permitted to recover from [Plaintiff] the difference between the two amounts.  If [Defendant] wishes to recover the full amount of [its] claim, [it] must file a separate action in the appropriate forum."  <u>Id.</u>

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Doc. # 8) is hereby **DENIED.** Defendant may maintain its counterclaim solely as a set-off.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of September 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record