UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD GOINGS,

        Plaintiff,
v.                                  Case No. 8:08-cv-1110-T-33TGW

ADVANCED SYSTEMS,
INC. OF SUNCOAST,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the parties' "Stipulated Joint Motion for Approval and Dismissal" (Doc. # 20), which was filed on December 29, 2008. The parties report that they have "resolved and settled all claims" asserted in and arising out of Plaintiff's complaint. The parties seek dismissal of this case with prejudice in accordance with their settlement agreement.

Plaintiff filed his complaint on June 9, 2008, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereafter FLSA), seeking recovery of unpaid overtime compensation, liquidated damages, attorney's fees, and other relief. (Doc. # 1). Plaintiff alleged in his complaint that he was a "non-exempt salaried laborer" for Defendant and that he "performed services for Defendant for which no provisions were made by Defendant to pay Plaintiff . . . for those hours worked in

1

excess of forty (40) within a work week." (Doc. # 1 at ¶ 6). Plaintiff further alleged that he was not paid "time and one-half" for all hours worked in excess of forty (40) per work week. (Doc. # 1 at ¶ 7).

On July 9, 2008, Defendant filed its answer, affirmative defenses, and counterclaim. (Doc. # 7). Defendant asserted one counterclaim against Plaintiff. In the parties' joint motion presently pending before the Court, the parties represent:

> The parties had a bona fide dispute under the Fair Labor Standards Act (FLSA) and Defendant asserts and continues to assert that no amounts were owed under the FLSA; Pursuant to the agreed to settlement, Plaintiff represents and warrants that he is receiving more than the full amount that he alleges he was owed in unpaid overtime; All parties to the Settlement Agreement are represented by counsel and the agreement arises out of an adversarial context; and The parties and their counsel believe that this Settlement Agreement is fair and equitable, disposes of all claims and provides adequate consideration to support all of the promises contained therein, including, but not limited to, Plaintiff's agreement to a general release in favor of Defendant and a non admission clause.

(Doc. # 20 at 2-3).

The parties request that this Court approve the settlement of this case. The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982) that "Congress made the FLSA's terms mandatory;

thus, the provisions are not subject to negotiations or bargaining between employers and employees.

Thus, FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate. (Citations omitted).

Accordingly, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. Id.  However, as stated in Su v. Electronic Arts, Inc., 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

Based on counsels' representation that Plaintiff has received "more than the full amount that he alleges he was owed in unpaid overtime," (Doc. # 20 at 1) this Court finds it appropriate to approve the settlement and dismiss this case with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1) The Stipulated Joint Motion for Approval and Dismissal

(Doc. # 20) is **GRANTED** and **APPROVED**.

(2) This case is dismissed with prejudice.

(3) The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of December 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record